**Dick**
**v.**
**Hart**
*[Cite as 4 AOA 201]*

*Case No. S-89-19*
*Sandusky County, (6th)*
*Decided June 1, 1990*

*W. Patrick Murray, for Appellants.*

*Charles W. Waterfield, for Appellees.*

ABOOD, J.

This is an appeal from a decision of the Sandusky County Court of Common Pleas which granted summary judgment to appellees Allstate Insurance Company ("Allstate") and Tod Motor Sales, Inc. ("Tod Motors"). Appellants have appealed, setting forth the following assignments of error:

"1. The Trial Court Erred By Granting the Motion For Summary Judgment Since The Trial Court Relied Upon Evidence Which Was Not Properly Verified As Per Rule 56(C) Of The Ohio Rules Of Civil Procedure.

"2. The Trial Court Erred In Granting The Motion To Dismiss Because The Court Failed To Give Adequate Notice That It Was Converting The Motion To Dismiss To A Motion For Summary Judgment.

"3. The Trial Court Erred By Finding That There Had Been A Valid Rejection Of Underinsured Motorist Coverage."

The undisputed facts giving rise to this appeal are as follows. On July 31, 1987, appellants rented a van from appellee Tod Motors to drive to Kentucky. On August 1, 1987, while in Kentucky, appellants were involved in an accident with another vehicle which was driven by Benjamin Hart. The accident resulted in injury to appellant Larry Dick, his wife and two of their children, and the death of one of their children.

At the time of the accident the van driven by appellants was insured under a business automobile policy of insurance, No. 005009700BAP issued by appellee Allstate to the Chrysler Credit Corporation. Tod Motors is a participating dealership and dealership subsidiary of the Chrysler Credit Corporation and had entered into a DRAC financing agreement whereby Chrysler provided financing for vehicles leased or rented by Tod Motors to consumers. Pursuant to the terms of the DRAC agreement, Chrysler was to provide insurance coverage for all DRAC vehicles.

At the time of the accident appellants were personally insured under a policy issued by American Economy Insurance Company ("American") with limits of $100,000/$300,000.

On March 3, 1988, appellants filed a complaint against Benjamin Hart, and appellees Allstate and Tod Motors. In their claim against Allstate, appellants asserted that the insurance policy issued to Chrysler Credit Corporation, under which Tod Motors was a named insured, provided uninsured/underinsured motorist coverage in the amount of at least $500,000, and that since Hart's personal liability coverage had limits of $25,000/$50,000, they were entitled to underinsured motorists coverage from that policy. The claim asserted that Allstate had refused to honor their request for coverage or to arbitrate the issue.

On May 20, 1988, appellees Allstate and Tod Motors filed a motion to dismiss appellant's complaint pursuant to Civ. R. 12(B)(6). Attached to the motion was a certified copy of the declarations page and certain endorsements and rejection forms from the business automobile policy issued by Allstate and referred to in the complaint but not attached to the complaint. Also attached to the motion was an affidavit of the secretary-treasurer of Tod Motors stating that Tod Motors was a participating dealership with Chrysler and a named insured under the policy issued by Allstate, but that uninsured motorist coverage was not purchased under that policy and, in fact, had been expressly rejected by the named insured. In support of their motion to dismiss, appellees argued that these exhibits demonstrated that uninsured motorist coverage was not available to appellants.

On January 5, 1989, American filed a motion to intervene as a party plaintiff and a memorandum in opposition to the motion to dismiss filed by Allstate and Tod Motors. In its memorandum, American noted that the motion to dismiss filed by appellees was actually a motion for summary judgment since it had introduced evidence outside of the pleadings. In opposition to the motion as for summary judgment, American argued that Allstate was required to provide underinsured motorist coverage to appellants, and appellants must first resort to that policy before American would be required to provide coverage. American argued that only Chrysler Credit Corporation had expressly rejected uninsured motorist coverage under the policy issued by Allstate, that Tod Motors, an additional named insured, had not expressly rejected that coverage as required by R.C. 3937.18 and, therefore, the trial court was precluded from entering summary judgment in favor of appellees. On January 23, 1989, American filed a supplemental memorandum in opposition to the motion citing *Jackson, et al.* v. *State Farm Mutual Automobile Ins. Co.*, Common Pleas Court of Allen county, unreported, in support of its assertion that the rejection form signed by Chrysler Credit Corporation would not operate as a valid rejection of uninsured motorist coverage by Tod Motors, an additional insured.

On January 25, 1989, appellants filed a motion in which they requested the trial court to:

"* * * [A]dopt all of the briefs and documents filed by American Economy Insurance Company as the position of the plaintiffs on the defendants' *motion for summary judgment.* Plaintiffs respectfully request this court to consider all filings by American Economy Insurance Company as if they were filed by the plaintiffs herein. The

plaintiffs herein fully adopt the American Economy Insurance Company's position that Allstate uninsured motorists policy of Five Hundred Thousand Dollars ($500,000) is applicable to this case." (Emphasis added.)

On January 25, 1989, American filed a notice of additional authority and a hearing was held before the trial court on the motion to dismiss/motion for summary judgment and the motion to intervene. At the hearing counsel for appellees argued in support of their motion to dismiss that, pursuant to the terms of the insurance policy issued to Chrysler Credit Corporation by Allstate, Tod Motors, as a participating dealership of the insured, had agreed to elect to reject uninsured motorist coverage where permitted by law with respect to the automobiles enrolled in the Chrysler Credit Corporation program. Further, appellees argued that by this policy endorsement they had expressly rejected uninsured motorist coverage and, therefore, the intent of R.C. 3937.18 had been satisfied. At this hearing appellees entered into evidence a copy of the DRAC financing agreement between Chrysler Credit Corporation and Tod Motors.

American argued that Tod Motors was a named insured under the insurance policy and, therefore, pursuant to R.C. 3937.18(A), uninsured motorist coverage must be provided unless specifically rejected and that there was no evidence of any express rejection of such coverage by Tod Motors. Neither the appellants nor their counsel attended the hearing. Subsequent to the hearing American filed a supplemental brief in opposition to appellees' motion to dismiss. Appellees Allstate and Tod Motors filed a reply to American's motion to intervene and a supplemental memorandum to dismiss.

On April 27, 1989, the trial court filed its judgment entry. In the first paragraph of its entry the trial court determined appellees' motion to dismiss the complaint to be more properly considered as a motion for summary judgment and proceeded accordingly. The trial court found as follows:

"The Court finds that under the DRAC Financing Agreement between Defendant Tod Motors Sales Inc. and Chrysler Credit Corporation, the parties agreed that Chrysler Credit Corporation was to provide insurance which did not include uninsured coverage unless mandatory. Ohio does not have mandatory coverage because it can be rejected. Ohio essentially has mandatory offering of coverage by the insurer which may be rejected by the named insureds.

The DRAC agreement essentially establishes Chrysler Credit Corporation as Defendant Tod Motors Sales Inc.'s agent for purposes of insurance on the DRAC vehicles. That the insurance company offered the coverage is apparent from the fact that Endorsement 9 lists all of the states in which there is mandatory insurance and the fact that there is coverage in the states where coverage is mandatory. Further, the policy itself clearly sets forth by endorsement that there is no coverage, and Defendant Tod Motor Sales Inc., a named insured under the generic identification "Participating Dealership of the Chrysler Corporation and Dealership Subsidiaries' does not claim not to have rejected the coverage and by affidavit avers it knew such coverage was not purchased and believed its rejection to have been valid.

"Therefore, the Court concludes that by contract Chrysler Credit Corporation was defendant Tod Motor Sales Inc.'s agent for the express rejection, if the statute is interpreted to mean 'in writing'. However, this Court further concludes that the signing of the DRAC Financing Agreement and the acceptance of the insurance policy with Endorsement 9 by Defendant Tod Motor Sales Inc. are together express rejections of the coverage upon which defendant Allstate could rely as meeting their statutory requirement which is to provide uninsured/underinsured coverage unless it is expressly rejected."

The trial court entered summary judgment in favor of Allstate and Tod Motors, dismissing them as parties from the action, and denied American's motion to intervene, finding it moot.

This court will first consider appellant's second assignment of error.

In their second assignment of error, appellants assert that the trial court erred in granting appellees' motion to dismiss because the court failed to give adequate notice that it was converting that motion to a motion for summary judgment. Appellants argue that the trial court gave its only notice that it was converting the motion to dismiss into a motion for summary judgment in its judgment entry filed April 27, 1989, and did not give any notice of conversion prior to the hearing.

Civ. R. 12(B) provides in pertinent part:

"(B) How presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the

pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19 or Rule 19.1. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief. *When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided, however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.*" (Emphasis added.)

In *Petrey* v. *Simon* (1983), 4 Ohio St. 3d 154, the Supreme Court of Ohio stated in its syllabus:

"1. A court must notify all parties when it converts a motion to dismiss for failure to state a claim into a motion for summary judgment. (Civ. R. 12[B], applied and construed.)

"2. A court must notify all parties that it has converted a motion to dismiss for failure to state a claim into a motion for summary judgment 'at least fourteen days before the time fixed for hearing.' (Civ. R. 12[B] and 56[C], applied and construed.)"

In reviewing the appropriateness of converting a motion to dismiss to a motion for summary judgment, the court further noted:

"'If the conversion occurs unexpectedly, the non-moving party is left at the disadvantage of being unprepared to respond; hence notice is required. * * * *The primary vice of unexpected conversion to summary judgment is that it denies the surprised party sufficient opportunity to discover and bring forward factual matters which may become relevant only in the summary judgment, and not the dismissal, context.*" (Citation omitted.) (Emphasis added.) *Id.* at 155. See *Fraternal Order of Police* v. *D'Amico* (1982), 4 Ohio App. 3d 15.

Nowhere in the record is it shown that the trial court gave the required notice that appellee's motion to dismiss was to be converted to a motion for summary judgment. The trial court's actions, therefore, were not in compliance with Civ. R. 12(B) or *Petrey, supra*, and where clearly error. In order to reverse the judgment of the trial court on this basis, however, we must first determine if this error was prejudicial to appellants. See *Smith* v. *Flesher* (1967), 12 Ohio St. 2d 107; *Economy Fire & Cas. Co.* v. *Craft General Constr., Inc.* (1982), 7 Ohio App. 3d 335.

Appellees filed their motion to dismiss, complete with exhibits, on May 20, 1988. On January 5, 1989, American, appellants' insurer, filed its motion to intervene along with a memorandum in opposition to appellees' motion to dismiss, in which American expressly stated that the motion should be treated as a motion for summary judgment. The hearing on the motion was set for January 25, 1989. On that date appellants filed a motion to adopt the briefs and documents filed by American as their position on appellees' "motion for summary judgment." At the hearing appellees and American were afforded the opportunity to present further evidence as to the issues raised by appellees' motion. Appellants did not attend the hearing. It is clear from these circumstances that the trial court's conversion of appellees' motion to dismiss to a motion for summary judgment was not unexpected, since the nonmoving parties, appellants and intervenor/American, both expressly considered appellees' motion as one for summary judgment, and were afforded the opportunity to bring forth any relevant factual matters. Therefore, based upon the specific circumstances existing herein, we cannot say that appellants were prejudiced by the trial court's error. Accordingly, appellants' second assignment of error is found not well-taken.

In their first assignment of error appellants argue that the trial court erred in granting the motion for summary judgment since the trial court relied upon evidence not properly verified pursuant to Civ. R. 56. Specifically, appellants argue that the DRAC agreement was not timely submitted to the court since it was submitted on the day of the hearing and not prior to it as required by the rule. Appellants submit that they were unduly prejudiced and surprised by the submission of the agreement on an untimely basis. Appellants argue further that the agreement was not properly identified, certified, verified or properly introduced into evidence and,

therefore, must be stricken. Finally, appellants argue that they were prejudiced by the fact that they did not obtain complete copies of appellees' insurance policies and agreements.

Civ. R. 56(C) provides:

"(C) Motion and Proceedings Thereon. The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party prior to the day of hearing may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

In *Roger* v. *McDonald's Restaurants of Ohio, Inc.* (1982), 8 Ohio App. 3d 256, the court held at syllabus one:

"When ruling on a motion for summary judgment, a trial court may consider documents other than those specified in Civ. R. 56(C) in support of the motion when no objection is raised by the party against whom the motion is directed."

That court also noted on page 258 of its opinion, footnote 7, that where a party fails to interpose a timely objection as to error committed by the trial court in considering an untimely motion or unauthenticated documentary evidence, that objection is waived for purposes of appeal citing *Brown* v. *Ins. Co.* (1978), 62 Ohio App. 2d 87.

In *Stegawski* v. *Cleveland Anesthesia Group, Inc.* (1987), 37 Ohio App. 3d 78, 83, the court held:

"Failure to move or strike or otherwise object to documentary evidence submitted by a party in support of, or in opposition to, a motion for summary judgment waives any error in considering that evidence under Civ. R. 56(C)." See, also, *Kalish* v. *Trans World Airlines* (1977), 50 Ohio St. 2d 73, 79; *Federal Deposit Ins. Corp.* v. *Willoughby* (1984), 19 Ohio App. 3d 51, 55; *AMS, Inc.* v. *Mravec* (1981), 2 Ohio App. 3d 29, 32.

In this case, appellants did not independently file any documents in opposition to appellees' motion to dismiss which was treated as a motion for summary judgment by the parties and the trial court. Instead, appellants adopted all of the memoranda filed by American in the trial court.

As to the evidence specifically objected to here, a review of the record clearly indicates that no objections to the evidence submitted by appellees were raised by American in the trial court. This court, therefore, finds that appellants have waived their right to raise this assertion of error on appeal. Accordingly, appellants' first assignment of error is found not well-taken.

In their third assignment of error, appellants assert that the trial court erred in finding that there had been a valid rejection by Tod Motors of underinsured motorist coverage. Appellants argue that there is no evidence in the record that Tod Motor Sales had made an express rejection of underinsured motorist coverage and, therefore, they are entitled to coverage in this case.

R.C. 3937.18 states in pertinent part:

"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless BOTH OF THE FOLLOWING ARE PROVIDED:

"(1) Uninsured motorist coverage which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for bodily injury or death under provisions approved by the superintendent of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom;

"(2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability

coverage and shall provide protection for an insured against loss for bodily injury, sickness, or disease, including death, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage at the time of the accident. * * *

"* * *

"(C) The named insured may only reject or accept both coverages offered under Division (A) of this section. The named insured may require the issuance of SUCH COVERAGES for bodily injury or death in accordance with a schedule of optional lesser amounts approved by the superintendent, that shall be no less than the limits set forth in section 4509.20 of the Revised Code for bodily injury or death. Unless the named insured requests such coverages in writing, *such coverage need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverages in connection with a policy previously issued to him by the same insurer.****"* (Emphasis added.)

The evidence before the court on appellees' motion for summary judgment consisted of:

"1. The DRAC financing agreement between Chrysler Credit Corporation and Tod Motor Sales provided for the financing of vehicles by Chrysler Credit Corporation to appellee for lease or rental to other persons. Pursuant to Section 8 of this agreement Chrysler Credit Corporation was required to provide insurance for all DRAC vehicles in specified amounts including uninsured motorist coverage where mandatory.

"2. The insurance policy issued by Allstate to Chrysler Credit Corporation as a named insured effective May 1, 1987, to May 1, 1988 was a renewal of a policy previously issued to Chrysler. Endorsement No. 1 of this renewal policy states as follows:

"It is agreed that the Named Insured as stated in Item One of the Declarations is amended to read:

"1. Chrysler Credit Corporation
"2. Chrysler Financial Corporation
"3. Chrysler Corporation
"4. Chrysler Motors Corporation
"5. Participating Dealerships of the Chrysler Corporation and Dealership Subsidiaries
"6. Participating Dealership principal(s) holding majority ownership of Companies owned by them and in the business of renting automobiles

"7. Fugazy Limousine Services, Ltd."

Endorsement No. 9 of this renewal policy states as follows:

"It is agreed that you have elected to reject Uninsured Motorist Insurance where permitted by law with respect to all covered autos enrolled in the Chrysler Credit Corporation - DRAC Progam.

"It is further agreed that you have elected to purchase Uninsured Motorists Insurance in all states for all other autos at the limit shown in the Schedule."

Attached to the policy of insurance were two rejection forms, indicating a rejection of uninsured motorist coverage for policy no. 05009700BAP, one for the state of Kentucky dated May 1, 1985, and one for the state of Ohio dated May 6, 1986, both signed by a representative of the Chrysler Credit Corporation.

3. The affidavit of James R. Notheis, the secretary-treasurer of Tod Motor Sales, Inc. wherein Notheis stated that Tod Motors, a participating dealership of Chrysler Credit Corporation, is a named insured under policy No. 005009700BAP issued to Chrysler Credit Corporation by Allstate Insurance Company. Notheis stated further that underinsured/uninsured motorist coverage was not purchased as coverage under the policy in those states where it was not required upon rejection of such coverage by the named insured and that uninsured motorist coverage was expressly rejected by the named insured for Ohio on May 6, 1986, and for Kentucky on March 1, 1985, and that these rejections applied to all renewals of the policy.

Appellants herein did not respond individually to appellees' motion to dismiss but rather moved to adopt all of the filings submitted by American as their own. American, however, put forth no evidence in support of their motion in opposition to the motion filed by appellees, instead arguing that there is no evidence in the record that Tod Motors, as a named insured under the Allstate insurance policy, expressly rejected uninsured/underinsured motorist coverage. In support of this assertion appellants cite the *Jackson* case, cited by American in its memorandum in opposition to appellees' motion, for the proposition that the rejection form executed by Chrysler did not serve as a valid rejection of uninsured/underinsured motorist coverage by Tod Motors. We agree with the trial court that

the *Jackson* case is distinguishable from the facts herein.

Upon consideration of the foregoing, this court finds that, as to whether there had been a valid rejection of uninsured motorist coverage, there remains no genuine issues as to any material fact and that reasonable minds could only conclude that Tod Motors did expressly reject uninsured/underinsured motorist coverage. We find, therefore, that appellees were entitled to judgment as a matter of law and the trial court was correct in granting summary judgment in favor of appellees. Accordingly, appellants' third assignment of error is found not well-taken.

On consideration whereof, this court finds that substantial justice has been done the parties complaining and the judgment of the Sandusky County Court of Common Pleas is affirmed.

*Judgment affirmed.*

HANDWORK, P.J., and ABOOD, J., concur.

Prior to his death, Judge John J. Connors, Jr., did participate in the decision-making process of this case.