OPINION
Appellant, Ralph L. Oates, appeals from the February 24, 2000 judgment entry of the Portage County Municipal Court, Kent Division, denying his right to garnish a reserve fund established by appellee, Progressive Insurance Company.
Appellant had a judgment against Joseph Heeter ("Heeter") in the amount of $1,600 for unpaid rent. Heeter's motorcycle was stolen on October 31, 1998. The motorcycle was insured by appellee. Heeter reported the theft to appellee on November 1, 1998, and on that same date, appellee created a reserve of $7,405 regarding the loss. On December 16, 1998, appellant sent appellee an "Affidavit and Order and Notice of Garnishment of Property other than Wages" ("notice of garnishment"). On December 23, 1998, appellee responded that it had no money, property, or credits of Heeter in its possession.
On February 3, 1999, appellee reached an agreement with Heeter as to the value of his stolen motorcycle and subsequently compensated him for his loss.[1] On March 5, 1999, appellant filed a complaint against appellee, alleging that at the time he filed his notice of garnishment, appellee was holding Heeter's property in the form of the reserve funds it had set aside in response to the claim he filed. The matter initially went to arbitration, and the arbitrator awarded appellant $1,650. Appellee appealed the award to the trial court, where the matter was heard by the trial court on February 22, 2000. In a February 24, 2000 judgment entry, the trial court reversed the arbitrator's award.
Appellant has filed a timely appeal and raises the following assignment of error:
 "The trial court's decision which denied appellant's garnishment of a judgment-debtor's insurance reserve funds is contrary to law."
 Appellant's assignment of error and the brief he submitted to this court are premised on his assumption that the reserve that appellee established for appellant's claim was Heeter's property. We disagree.
At trial, Gary Traicoff ("Traicoff"),[2] an actuary employed by appellee, testified as to the nature of insurance reserves. He testified that in establishing a reserve for a motorcycle theft, it is the practice of appellee to attempt to determine the total amount of money needed to pay all of the motorcycle thefts in the country for which appellee has liability, then divide the total dollar amount of its motorcycle theft reserve by the total number of pending claims. Traicoff further testified that approximately 35 percent of all claims that have some reserve attached to them end up closing without a payment.
In short, the $7,405 figure arrived at as the reserve for Heeter's claim did not represent a figure specific to his possible recovery; rather, appellee had established a reserve of $7,405 for every policyholder in the country making a motorcycle theft claim at that time. By establishing the reserve, appellee had not made a determination that Heeter would be entitled to recover any portion of that $7,405. If no determination had been made that Heeter was entitled to recover on his claim, appellee could not have been holding his property at that time.
Kandy Walker ("Walker"), a claims investigator employed by appellee, testified that she received the paperwork concerning appellant's notice of garnishment on December 22, 1998. At that time, the investigation into the theft of Heeter's motorcycle was still in progress. (Appellee did not compute the value of Heeter's motorcycle until January 8, 1999.) On December 23, 1998, Walker completed the notice of garnishment, stating that appellee did not hold any of Heeter's property, and then returned it to appellant.
R.C. 2716.01(B) states that "[a] person who obtains a judgment against another person may garnish the property * * * of the person against whom the judgment was obtained, if the property is in the possession of a person other than the person against whom judgment was obtained * * *." In the instant case, prior to the settlement of Heeter's claim, appellee never had possession of Heeter's property. The testimony elicited at trial suggests that the establishment of a reserve is simply an accounting technique designed to protect an insurance company against potential liabilities and does not represent actual property of the policyholder. Therefore, we hold that appellant's assignment of error lacks merit.[3] The judgment of the Portage County Municipal Court, Kent Division, is affirmed.
 ____________________________ JUDGE DONALD R. FORD
NADER, J., GRENDELL, J., concur.
[1] Appellant alleges that appellee paid $15,986 to Heeter on his claim; however, the actual amount that Heeter recovered from appellee does not appear in the record.
[2] "Traicoff" is a phonetic spelling of the witness' name contained in the trial transcript.
[3] We would note that pursuant to R.C. 2331.01, "[w]hen a judgment debtor does not have sufficient personal or real property subject to levy on execution to satisfy a judgment, any equitable interest which he has in * * * a money contract, claim, or chose in action due or to become due to him * * * shall be subject to the payment of the judgment by action." (Emphasis added.) In Fed. Deposit Ins. Corp. v. Willoughby (1984),19 Ohio App.3d 51, 55, the Eighth Appellate District held that R.C. 2331.01
includes rights to insurance proceeds. Therefore, although an insurance reserve is not subject to garnishment, a creditor could potentially have an equitable interest in insurance proceeds.