JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Consolidated Church Financial Co., LLC. ("Consolidated Church" or "the bank"), appeals from the judgment of the Cuyahoga County Court of Common Pleas granting defendants-appellees', Harvest Missionary Baptist Church and Mitchell Jackson (collectively "Harvest Missionary Baptist Church"), motion for relief from judgment. For the following reasons, we reverse.
 {¶ 2} On January 14, 2003, Geauga Savings Bank obtained a judgment in Summit County for $203,664.97, plus interest and costs against Harvest Missionary Baptist Church, its pastor and certain trustees. On January 27, 2003, the bank filed a judgment lien on said judgment in Cuyahoga County. On June 9, 2003, Geauga Savings Bank filed a foreclosure action in the Cuyahoga County Common Pleas Court against Harvest Missionary Baptist Church. On September 26, 2003, the bank filed a motion for default judgment, which was heard before a magistrate. On January 23, 2004, the trial court adopted the magistrate's decision, and on March 9, 2004, the sheriff's sale was set for April 5, 2004. On March 22, 2004, Mitchell Jackson, on behalf of himself and other members of Harvest Missionary Baptist Church, filed a combined motion to intervene, motion for relief from judgment and motion for stay. The bank opposed said motions.
 {¶ 3} Consolidated Church later purchased the subject note and mortgage from Geauga Savings Bank and became the substituted plaintiff. Because of the transfer of the note and mortgage from Geauga Savings Bank to Consolidated Church, the bank withdrew its order of sale and, therefore, the trial court denied Harvest Missionary Baptist Church's motion for stay as moot. However, the trial court granted Harvest Missionary Baptist Church's motions to intervene and for relief from judgment. Consolidated Church now contends that the trial court abused its discretion in granting Harvest Missionary Baptist Church's motion for relief from judgment. We agree.
 {¶ 4} "If a judgment by default has been entered, the court may set it aside in accordance with [Civ.R.] 60(B)." Civ.R. 55(B). Civ.R. 60(B) provides that a "court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect[.]" An appellate court reviews the granting or denial of a Civ.R. 60(B) motion for relief from judgment under an abuse of discretion standard. Rose Chevrolet,Inc. v. Adams (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio St.Med. Bd. (1993), 66 Ohio St.3d 619, 621, 1993-Ohio-122, 614 N.E.2d 748.
 {¶ 5} To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. If these requirements are not met, the trial court should deny the motion. Rose Chevrolet, Inc., supra, at 20.
 {¶ 6} Upon review, we find that Harvest Missionary Baptist Church failed to demonstrate that it has a meritorious defense or claim to present, the first prong of the GTE test. In particular, it is fundamental that the final judgment in proceedings upon a note and mortgage is conclusive and binding on the parties absent a reversal upon appeal or the granting of relief pursuant to Civ.R. 60(B). See Johnson's Island v.Bd. Of Twp. Trustees (1982), 69 Ohio St.2d 241; State ex rel. Schneiderv. Brewer (1951), 155 Ohio St. 203. In this case, Harvest Missionary Baptist Church did not take any action in regard to challenging the underlying judgment from which the within foreclosure action stemmed. Thus, Harvest Missionary Baptist Church did not have a meritorious defense or claim to present, as the bank's judgment is attended by a presumption of validity, and is not subject to collateral attack. Fed.Deposit Ins. Corp. v. Willoughby (1984), 19 Ohio App.3d 51.
 {¶ 7} Because Harvest Missionary Baptist Church failed to meet the first prong of the GTE test, the trial court abused its discretion in granting its motion for relief from judgment.
 {¶ 8} Accordingly, appellant's sole assignment of error is with merit, and the judgment of the trial court is hereby reversed.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellees costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., and Corrigan, J., concur.