[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] The complaint incorrectly identified the defendant-appellee as "Jerry L. Runyon."
 DECISION.
{¶ 1} Plaintiff-appellant, Stand Energy Corporation, appeals from the trial court's entry of summary judgment in favor of defendant-appellee, Jerry Ruyan, on its claims for breach of contract, quantum meruit, and fraud. The court dismissed Stand's claims against Ruyan following its determination that the claims were barred by the doctrine of res judicata. For the reasons that follow, we affirm the judgment of the trial court.
 The Underlying Dispute {¶ 2} In 1997, Stand entered into a contract to supply natural gas to four corporate customers, Castlerock Properties, Inc., Airy Trails, Inc., Noble Estates, Inc., and Transcontinental Companies, Ltd. The customers owned or operated various apartment complexes.
 {¶ 3} In February 2002, following unsuccessful attempts to obtain payment of $25,250.67 due on the customers' natural-gas accounts under the contract, Stand sued Castlerock Properties for breach of contract, an unpaid account, and quantum meruit. In April 2002, Stand obtained a default judgment against Castlerock for $25,250.67, plus interest and costs. Stand collected $5,255.86 of the judgment against Castlerock, but was unable to recover the balance.
 {¶ 4} Then in August 2002, Stand initiated this case by filing suit against the three remaining customers, Airy Trails, Inc., Noble Estates, Inc., and Transcontinental Companies, Ltd., for breach of contract and quantum meruit. Stand's allegations were based upon the same contract and unpaid gas accounts that were the basis of its earlier action against Castlerock Properties.[2] Stand sought as damages $25,250.67, the same amount it had been awarded by default in the prior action.
 {¶ 5} In December 2003, Stand amended its complaint to include as defendants Ruyan, Castlerock Properties, Michael J. Davis, and Hawaiian Terrace, L.L.C. Stand added a fraud claim against Ruyan and Davis.[3]
Stand alleged that Davis was the president and chief operating officer of each of the five corporate customers, and that Ruyan was a second corporate officer at Castlerock.
 {¶ 6} In its fraud claim, Stand alleged that on October 14, 1998, Ruyan and Davis, as corporate officers of Castlerock, attempted to defraud creditors by transferring a property located at 5101 Hawaiian Terrace to Transcontinental Companies, Inc., a company wholly owned by Davis, for an undervalued sum. Stand alleged that Davis then transferred the property to another company he had created in order to defraud creditors.[4]
 {¶ 7} Ruyan filed a motion for summary judgment. Ruyan argued that Stand's claims against him were barred by the doctrine of res judicata because the claims arose from the same transaction or occurrence that was the subject of the previous action. The trial court agreed and granted his motion. Stand's appeal followed.
 Stand's Appeal {¶ 8} In its brief on appeal, Stand has failed to include a statement of assignments of error presented for our consideration, as required by App.R. 16(A)(3). Despite Stand's noncompliance with the rule, we recognize that Stand is challenging the trial court's entry of summary judgment in favor of Ruyan.
 Our Standard of Review {¶ 9} We review a grant of summary judgment de novo.[5] In this case, Ruyan was entitled to summary judgment only if (1) there was no genuine issue of material fact; (2) he was entitled to judgment as a matter of law; and (3) it appeared that reasonable minds could come to but one conclusion when viewing the evidence in favor of Stand, and that conclusion was adverse to Stand.[6]
 Res Judicata {¶ 10} The doctrine of res judicata encompasses the concepts of both claim preclusion and issue preclusion, historically known as estoppel by judgment and collateral estoppel, respectively.[7] This case involves only claim preclusion.
 {¶ 11} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."[8] A default judgment is a valid and final judgment upon the merits, and it can be, therefore, a proper bar to later claims for purposes of claim preclusion.[9]
 {¶ 12} A final judgment "is conclusive as to all claims which were ormight have been litigated in a first lawsuit."[10] A plaintiff must present every ground for relief in the first action or be forever barred from asserting it.[11] This rule "encourages reliance on judicial decisions, bars vexatious litigation, and frees the court to resolve other disputes."[12] The doctrine applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) to present evidence or grounds or theories of the case not presented in the first action, or (2) to seek remedies or forms of relief not demanded in the first action.[13]
 {¶ 13} In order for res judicata to apply, the parties to the subsequent action must be identical to or in privity with those in the former action.[14] On appeal, Stand does not challenge the trial court's determination that Ruyan was in privity with Castlerock Properties, the defendant in Stand's former action.
 {¶ 14} Rather, Stand argues that the default judgment it had obtained against Castlerock Properties should not have precluded its later action against Ruyan, even though both actions were based upon the same unpaid gas invoices. Stand maintains that its allegations of "intervening" and "newly discovered" fraud were sufficient to avoid the application of res judicata. We disagree.
 {¶ 15} As evidence of fraud, Stand points to county records showing "numerous property transfers" for "little or no consideration" that had occurred while the previous action against Castlerock Properties was pending in 2002. But Stand's complaint contained a single assertion of fraud on Ruyan's part — a transfer of property that had occurred in 1998, four years before the 2002 action was filed. While Stand may have adequately alleged fraud on Davis's part during the pendency of the first action against Castlerock Properties, Stand made no allegations that Ruyan had engaged in any such acts of "intervening" fraud.[15]
Further, Stand failed to allege that any acts of fraud during the pendency of the first action were not discoverable. The fact that Stand was able to discover evidence of property transfers made during the pendency of the first action indicates that Stand could have discovered the property transfers before the action was filed. In the absence of changed circumstances or newly discovered grounds for relief, the trial court correctly held that res judicata barred Stand's attempt to relitigate against Ruyan its claim for the unpaid gas invoices.[16]
 {¶ 16} Given that there were no genuine issues of material fact, and that the trial court could have properly concluded that Ruyan was entitled to judgment as a matter of law, the grant of summary judgment was appropriate. Therefore, we overrule the assignment of error as we have cast it and affirm the judgment of the trial court.
Judgment affirmed.
Sundermann, J., concurs.
Gorman, P.J., dissents.
[2] Stand also alleged that Noble Estates had breached a separate contract for the supply of natural gas. This claim did not involve Ruyan, so it is not relevant here.
[3] A fourth claim for corporate-veil piercing was alleged solely against Davis, not Ruyan, so it is not relevant here.
[4] Stand also alleged that Davis had transferred a second property in order to defraud creditors.
[5] See Doe v. Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-186,738 N.E.2d 1243.
[6] See Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336, 671 N.E.2d 241.
[7] Grava v. Parkman Twp., 73 Ohio St.3d 379, 381, 1995-Ohio-331,653 N.E.2d 226; Krahn v. Kinney (1989), 43 Ohio St.3d 103, 107,538 N.E.2d 1058.
[8] Grava, supra, syllabus.
[9] See Federal Deposit Ins. Corp. v. Willoughby (1984),19 Ohio App.3d 51, 53, 482 N.E.2d 1267; Tillimon v. Rideout (Nov. 30, 2001), 6th Dist. No. L-00-1388; Lewis v. Kizer, 3rd Dist. No. 17-03-05, 2003-Ohio4-253.
[10] Natl. Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62,558 N.E.2d 1178, citing Rogers v. Whitehall (1986), 25 Ohio St.3d 67, 69,494 N.E.2d 1387.
[11] Id.
[12] Id., citing Brown v. Felsen (1979), 442 U.S. 127, 131,99 S.Ct. 2005.
[13] Grava, supra, at 383, 1995-Ohio-331, 653 N.E.2d 226.
[14] Kirkhart v. Keiper, 101 Ohio St.3d 377, 379, 2004-Ohio-1496,805 N.E.2d 1089, at ¶ 8.
[15] We disagree with the dissent's view that Stand alleged a violation of R.C. 1336.04. The elements of such a claim were not stated with particularity under Civ.R. 9(B), and, in any event, any claim under the statute was barred by the applicable statute of limitations set forth in R.C. 1336.09.
[16] See State ex rel. Westchester Estates, Inc. v. Bacon (1980),61 Ohio St.2d 42, 45, 399 N.E.2d 81.