OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Steve Robinson, filed December 1, 2004. Robinson appeals from an order confirming an arbitration award in favor of Appellee Champaign Landmark, Inc. ("Landmark"). Landmark is a grain elevator operator who purchases grain products, and Robinson produces grain. Robinson contracted to sell grain to Landmark for delivery at a future date, pursuant to "hedge to arrive" contracts ("HTA"). Robinson failed to deliver on three contracts for corn and wheat, and Landmark cancelled the contracts.
 {¶ 2} Landmark initiated this matter by filing a complaint, in 1997, to enforce the arbitration provision in the parties' grain sale contracts. The trial court sustained Landmark's Motion for Summary Judgment and referred the matter to arbitration, and Robinson did not appeal the referral. The arbitration panel unanimously held for Landmark. Landmark filed a Motion to Confirm, and Robinson filed a Counterclaim to Vacate the award. Robinson filed a Chapter 12 bankruptcy petition, and Landmark filed a proof of claim for the arbitration amount. The bankruptcy judge overruled Robinson's objection to the proof of claim. Robinson appealed, and the decision of the bankruptcy judge was affirmed. Robinson then appealed the decision to the Sixth Circuit, which upheld the Bankruptcy Appellate Panel's decision. Robinson dismissed his bankruptcy filing, and Landmark filed a motion to reactivate its Motion to Confirm the award. Robinson filed an Amended Counterclaim and Motion for Summary Judgment. A hearing was held, and the court dismissed Robinson's Counterclaim and Motion for Summary Judgment and sustained the award. This appeal followed.
 {¶ 3} Appellate review of an arbitration award is limited to an evaluation of the confirmation order and does not include an analysis of the substantive merits of the award "`absent evidence of material mistakes or extensive impropriety.'" E.S. Gallon v.Deutsch (2001), 142 Ohio App.3d 137, 144 (internal citations omitted).
 I {¶ 4} Robinson's first assignment of error is as follows:
 {¶ 5} "THE TRIAL COURT ERRED WHEN IT CONFIRMED AN ILLEGAL PROVISION IN A CONTRACT, AS SUCH IS VOID AND UNENFORCEABLE"
 {¶ 6} "Under the doctrine of res judicata, `a valid, final judgment rendered upon the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" StandEnergy Corp. v. Ruyan, Hamilton App. No. C-050004, 2005-Ohio-4846.
 {¶ 7} Robinson argues that the contracts are illegal option contracts under the Commodity Exchange Act, 7 U.S.C. § 6c(b), and regulations of the Commodity Futures Trading Commission,17 C.F.R. § 32.2 (1992). The confirmation order notes that Robinson raised the issue of illegality before the arbitration panel, the Bankruptcy Court, the Bankruptcy Appellate Panel and the Sixth Circuit Court of Appeals, and that the doctrine of res judicata applies to the decision of the arbitration panel that the contracts are not illegal option contracts. Given the absence of evidence of material mistakes or extensive impropriety in the confirmation order, Appellant's first assignment of error is overruled.
 II {¶ 8} Appellant's second assignment of error is as follows:
 {¶ 9} "THE TRIAL COURT ERRED WHEN IT CONFIRMED AN AWARD THAT EXCEEDED THE SCOPE OF THE COURT'S ORDER REQUIRING ARBITRATION"
 {¶ 10} Robinson argues that only one contract was before the arbitration panel, but the panel awarded damages for breach of three contracts. The confirmation order provides that the referral to arbitration "referred all matters in dispute to the arbitration." The trial court referred the matter on December 18, 1997. Landmark cancelled a contract for wheat on February 28, 1997, with an amount due of $13,450.00, and two contracts for corn on August 15, 1997, with an amount due of $205,822.08, and all three of the contracts were in dispute when the court referred the matter to arbitration. We also note that the contract for arbitration, which Robinson signed, stated that Landmark sought damages totaling $219,541.08, which is the total amount due upon cancellation of all three contracts. Any objection Robinson has to the scope of the arbitrators' powers has been waived as he did not appeal said referral. There is no evidence of material mistake or extensive impropriety in the confirmation order, and Robinson's second assignment of error is overruled.
 III {¶ 11} Appellant's third and fourth assignments of error are as follows:
 {¶ 12} "THE TRIAL COURT ERRED WHEN IT DISMISSED ROBINSON'S COUNTERCLAIM"
 {¶ 13} and "THE TRIAL COURT ERRED WHEN IT DENIED ROBINSON'S MOTION FOR SUMMARY JUDGMENT"
 {¶ 14} Robinson argues in his third assignment of error that his Counterclaim should not have been dismissed because the arbitrators awarded upon matters not referred to them and because the contracts at issue were illegal. Robinson argues in his fourth assignment of error that his Motion for Summary Judgment should not have been overruled because the evidence established the illegality of the contracts. As discussed above, the confirmation order establishes that the doctrine of res judicata applies to the issue of illegality and that the award was within the scope of the arbitrators' powers. There being no material mistake or extensive impropriety in the confirmation order, Appellant's third and fourth assignments of error are overruled.
 {¶ 15} The judgement of the trial court is affirmed.
Grady, J. and Young, J., concur.
(Hon. Frederick N. Young sitting by assignment of the Chief Justice of the Supreme Court of Ohio).