[Cite as *Dula v. Cincinnati*, 2021-Ohio-1711.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


RONALD DULA,                                   :          APPEAL NO. C-200297
                                                          TRIAL NO.    A-1906021
    Plaintiff-Appellant,               :

    vs.                                :

CITY OF CINCINNATI,                            :          *O P I N I O N.*

NATALIA HARRIS,                                :

HAMILTON COUNTY BOARD OF :
COMMISSIONERS,

BRIAN GILLIGAN,                                :

GREG VENTRE,                                   :

THE CHRIST HOSPITAL,                           :

MATTHEW SCHULER,                               :

MARK MAGNER, M.D.,                             :

FINNEY LAW FIRM, LLC,                          :

CASEY TAYLOR,                                  :

   and                                :

BRADLEY GIBSON,                                :

    Defendants-Appellees.              :


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  May 19, 2021

*Ronald E. Dula,* pro se,

*Andrew W. Garth,* Interim City Solicitor, and *Jacklyn Gonzales Martin* and *Marva K. Benjamin*, Assistant City Solicitors, for Defendants-Appellees City of Cincinnati and Natalia Harris,

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Cooper D. Bowen,* Assistant Prosecuting Attorney, for Defendants-Appellees Hamilton County Board of Commissioners, Brian Gilligan, and Greg Ventre,

*Rendigs, Fry, Kiely, and Dennis, L.L.P.,* and *Jeffrey M. Hines,* for Defendants-Appellees The Christ Hospital, Mark Magner, M.D., and Matthew Schuler,

*Finney Law Firm, L.L.C., Bradley M. Gibson* and *Casey A. Taylor,* for Defendants-Appellees Finney Law Firm, L.L.C., Bradley M. Gibson and Casey A. Taylor.

**CROUSE, Judge.**

{¶1} Plaintiff-appellant Ronald Dula claims a broad conspiracy perpetrated by the defendants-appellees to prevent him from pursuing his claims against Christ Hospital and Dr. Mark Magner and to protect Dr. Magner from criminal prosecution.

{¶2} Dula's causes of action arise from his medical treatment by Dr. Magner for chronic degenerative spinal conditions. Magner performed a total of three surgeries on Dula: one to fuse two vertebrae in his back, another to his lower extremities, and a third as a follow-up to the fusion surgery. Dula contends that Magner botched the surgeries and then concealed his mistakes.

{¶3} Dula contends that after meeting with attorneys Casey Taylor and Bradley Gibson of Finney Law Firm ("Finney Law Firm defendants") to discuss his legal options, they conspired with Christ Hospital and its general counsel, Matthew Schuler, Esq., to prevent Dula from pursuing his claims against Christ Hospital and Dr. Magner ("hospital defendants"). After Finney Law Firm declined to take his case, Dula went to the offices of the Hamilton County Clerk of Courts, the Cincinnati City Manager, and district four of the Cincinnati Police Department in an attempt to file criminal charges for assault against Magner. Dula claims that Natalia Harris of the city solicitor's office ("city defendants"), Brian Gilligan and Greg Ventre of the county clerk's office, and the Hamilton County Board of Commissioners ("county defendants") all conspired to protect Magner from criminal charges. [1]

---

[1] Pursuant to R.C. 2935.09, a private citizen with knowledge of a crime committed by another person may file an affidavit and criminal complaint against that person. The matter may then be referred to an attorney (here, Natalia Harris of the city solicitor's office) to determine whether probable cause exists. *See State ex rel. Boylen v. Harmon*, 107 Ohio St.3d 370, 2006-Ohio-7, 839 N.E.2d 934, ¶ 6. It appears Dula was attempting to follow this procedure when he went to the city manager and clerk of courts in an effort to file charges against Magner.

{¶4} Over the years, Dula has filed a total of three lawsuits, all containing substantially similar claims. First, he filed suit in Federal District court for the Southern District of Ohio in *Dula v. Hamilton County Prosecutor's Office,* S.D.Ohio No. 1:18-cv-620 (Oct. 24, 2018) ("Dula I"). That case was dismissed with prejudice in September 2018 pursuant to Fed.R.Civ.P. 12(b)(1) and (6) for failure to state a claim upon which relief could be granted. Next, he filed suit in the Hamilton County Court of Common Pleas in November 2018 in *Dula v. Hamilton County Prosecutor's Office,* Hamilton C.P. No. A1806009 (Jun. 20, 2019) ("Dula II"). He claimed obstruction of justice, conspiracy, failure to prosecute, assault, violations of his civil rights, and violations of his equal-protection and due-process rights pursuant to the Fourteenth Amendment to the United States Constitution. The case was dismissed with prejudice in June 2019. Dula did not appeal. Instead, Dula filed another lawsuit in the Hamilton County Court of Common Pleas on December 30, 2019, which is the subject of this appeal. He has claimed breach of fiduciary duty through civil conspiracy, fraudulent concealment, fraud and obstruction of justice, battery, assault, and a violation of his civil rights under the Civil Rights Act of 1871 based on the same facts and allegations in his first two lawsuits.

{¶5} In January 2020, the city and county defendants filed motions to dismiss for failure to state a claim upon which relief could be granted and based upon res judicata due to the dismissals of Dula I and II. The hospital defendants filed a motion for summary judgment on February 21, 2020, in which they argued that summary judgment was proper because res judicata prevented relitigation of Dula's claims and any medical claims against Dr. Magner and Christ Hospital were barred by the one-year medical-malpractice statute of limitations.

4

{¶6} On February 4, 2020, Dula filed a motion for a default judgment against the Finney Law Firm defendants. On February 21, 2020, the Finney Law Firm defendants filed a motion in opposition and a motion to dismiss for failure to state a claim upon which relief could be granted.

{¶7} After oral argument, the trial court denied Dula's motion for a default judgment and granted the defendants' motions. Dula has appealed, arguing in three assignments of error that the trial court erred (1) in characterizing his case as a medical-malpractice case, (2) in dismissing his claims against the county commissioners, and (3) in failing to issue a default judgment against Finney Law Firm. We overrule all three assignments of error and affirm the judgment of the trial court.

### First Assignment of Error

{¶8} In his first assignment of error, Dula contends that the trial court erred in characterizing his case as a medical-malpractice case. He contends that his case is "based on Tort Law, Fraudulent Conspiracy, Civil Conspiracy."

{¶9} While Dula's complaint is difficult to discern, it is clear that all of the allegations in the complaint stem from the surgeries performed by Dr. Magner. Some of the causes of action against Dr. Magner and Christ Hospital, for example fraud and breach of fiduciary duty, are directly based on the medical care provided by Dr. Magner. Specifically, the complaint alleges:

> Dr. Mark Magner operated on me again in 2016 which constitutes a fraudulent act * * * while gaining payment, knowingly causing harm to my lower extremities and having knowledge that additional surgeries will be needed and that my condition would worsen over time * * * This is a

breach of his fiduciary duty with intentional tort and failure to disclose material information which by not making me aware I was not fused and would need additional surgery was a breach of duty and loyalty which is also intentional tort which is not negligence it is purposeful which has a 2 year statute of limitations which I am within.

{¶10} Clever pleadings do not transform medical claims into nonmedical claims. *Freeman v. Durrani*, 2019-Ohio-3643, 144 N.E.3d 1067, ¶ 24 (1st Dist.). "Medical claim" is defined broadly.

> "Medical claim" means any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, * * * and that arises out of the medical diagnosis, care, or treatment of any person.

R.C. 2305.113(E)(3).

{¶11} In *Freeman,* the plaintiff attempted to distinguish her fraud claims from medical claims. *Freeman* at ¶ 18. This court stated that Freeman's fraud allegations "echo[ed]" the statutory definition of "medical claim." *Id.* "By alleging an independent fraud claim, Freeman is simply attempting to recast her medical-malpractice claims." *Id.* Therefore, Freeman's fraud claims constituted medical claims for purposes of the statute of repose. *Id.*

{¶12} We find that Dula is attempting to circumvent the one-year statute of limitations for medical claims set forth in R.C. 2305.113(A). Many of Dula's claims arise out of the medical diagnosis, care, or treatment by Dr. Magner. Therefore, they were properly characterized by the trial court as "medical malpractice" claims. The

trial court did not err in granting the hospital defendants' motion for summary judgment on that basis. The first assignment of error is overruled.

***Second Assignment of Error***

**{¶13}** In his second assignment of error, Dula contends that the trial court erred in dismissing his claims against the county commissioners. His argument focuses on the commissioners' qualified immunity and completely fails to address the basis of the trial court's decision—res judicata, more precisely "claim preclusion." Therefore, we may decline to consider his argument. *See State v. Harris*, 2017-Ohio-5594, 92 N.E.3d 1283, ¶ 43 (1st Dist.) ("to receive consideration on appeal, trial court errors must be raised by assignment of error and must be argued and supported by legal authority and citation to the record"). Nevertheless, even considering Dula's argument on the merits, it is clear that the trial court did not err in dismissing his claims against the county commissioners.

**{¶14}** Claim preclusion prevents a subsequent action by the same parties based upon any claim arising out of the transaction that was the subject of a previous action. *Wright v. Heller*, 2018-Ohio-149, 102 N.E.3d 1285, ¶ 21 (1st Dist.).

> Claim preclusion requires proof of the following four elements: (1) there was a prior valid judgment on the merits; (2) the second action involved the same parties or their privies as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence.

*Id.* at ¶ 22.

**{¶15}** The trial court reached a final judgment on the merits in Dula II when it dismissed the case with prejudice, the county commissioners were defendants in

7

Dula II, and Dula's current claims arise out of the same events and transactions as his claims in Dula II and either were or could have been presented in Dula II. Dula slightly changed his claims and allegations in the present case, but that does not allow him to escape the doctrine of claim preclusion. *See Stand Energy Corp. v. Ruyan*, 1st Dist. Hamilton No. C-050004, 2005-Ohio-4846, ¶ 12 (claim preclusion is conclusive as to all claims which were or *might have been* litigated in a first lawsuit). (Emphasis in original.)

{¶16} Dula has failed to show that the trial court erred in applying claim preclusion to his causes of action against the county commissioners. The second assignment of error is overruled.

### Third Assignment of Error

{¶17} In his third assignment of error, Dula contends that the trial court erred in failing to issue a default judgment against the Finney Law Firm defendants.

{¶18} Civ.R. 55(A) authorizes the trial court to enter a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." A defendant has 28 days after service of summons and complaint to submit an answer. Civ.R. 12(A)(1). Depending on the circumstances, service may be accomplished by the sheriff's department, bailiff of the court, or "any person not less than eighteen years of age, who is *not a party* and who has been designated by order of the court to make personal service of process under this division." (Emphasis added.) Civ.R. 4.1(B).

{¶19} "The attorney of record or the serving party shall be responsible for determining if service has been made and shall timely file written instructions with the clerk regarding completion of service notwithstanding the provisions in Civ.R. 4.1

through 4.6 which instruct a clerk to notify the attorney of record or the serving party of failure of service of process." Civ.R. 4.6(E).

**{¶20}** Dula attempted to serve the Finney Law Firm defendants by mail and by personally going to one of their offices. Pursuant to Civ.R. 4.1(B), the attempt at personal service was improper. Dula's attempt at service by mail was returned "unclaimed." Therefore, Dula did not perfect service upon the Finney Law Firm defendants. The 28-day period for Finney Law Firm to respond to Dula's complaint never began to accrue. The trial court did not err in denying Dula's motion for a default judgment. The third assignment of error is overruled.

### Conclusion

**{¶21}** All three assignments of error are overruled and the judgment of the trial court is affirmed.

Judgment affirmed.

**MYERS, P.J.,** and **BERGERON, J.,** concur.

Please note:
 The court has recorded its own entry on the date of the release of this opinion.